**BARTHEL LEGAL, APC**
Nicholas Barthel, Esq. (319105)
nick@barthelbarthel.com
2173 Salk Ave., Ste. 250
Carlsbad, CA 92008
Telephone: (760) 259-0033
Facsimile: (760) 536-9010

*Attorney for Plaintiff
Michael Markopoulos,*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MARKOPOULOS,<br><br>Plaintiff<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.;<br><br>Defendant | Case No.: '24CV1516 BEN AHG<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>A. **FAIR CREDIT REPORTING ACT;**<br><br>B. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT;**<br><br>C. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;**<br><br>D. **CALIFORNIA IDENTITY THEFT ACT.**<br><br>**JURY TRIAL DEMANDED** |

CASE NO.: *Markopoulos v. Chase*
**COMPLAINT**

## INTRODUCTION

1. Michael Markopoulos is an elderly man that had over $16,000 in fraudulent charges made using his JPMorgan Chase Bank, N.A. credit card.

2. Despite knowing that Michael Markopoulos is an elderly victim of identity theft, JPMorgan Chase Bank, N.A. continued to report the fraudulent debt on Mr. Markopoulos' credit reports in an effort to strong arm him into paying this fraudulent debt. This is exactly what occurred, as Mr. Markopoulos has been paying the fraudulent debt in order to prevent further damage to his creditworthiness.

3. Michael Markopoulos ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of JPMorgan Chase Bank, N.A. ("Chase") to stop Chase's continued collection of this fraudulent debt and obtain relief for Plaintiff's damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 as a cause of action brought by Plaintiff is under Federal law, specifically 15 U.S.C. 1681, *et seq*.

10. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*., ("FCRA"); California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1, *et seq*. ("CCCRAA"); the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq*. ("RFDCPA"); and California Identity Theft Act, Cal. Civ. Code §§ 1798.82, et seq. ("CITA").

11. Because Defendant conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiff is a natural person who resides in Del Mar, California, from whom Chase sought to collect a consumer debt that was alleged to be due and owing from Plaintiff.

14. Chase is a bank operating from the State of New York.

## FACTUAL ALLEGATIONS

15. Plaintiff is a Physician that lives and works in Del Mar, California.

16. Plaintiff is 74 years old.

17. On or about late 2023, Plaintiff discovered that someone had charged over $16,000 on his Chase credit card. Plaintiff did not use this card often.

18. Some of these charges included a purchase at H&M clothing and a tanning booth company called ITan. Plaintiff had never been to either of these establishments.

19. Plaintiff disputed these fraudulent charges with Chase directly.

20. Plaintiff provided Chase with a police report regarding the charges. In the police report, Plaintiff explained that the charges were not made by him and that "[s]omeone stole our personal information and either opened a new credit card or

found an old card we don't use and charged over $16,000 in charges."

21. In November of 2023, Chase denied Plaintiff's disputes on the grounds that "[w]e confirmed that the account is valid and was not opened based on a fraudulent application."

22. Chase also clarified that it would continue to report the account on Plaintiff's credit, which in November of 2023 was being reported as 30 days late. Chase explained that it was reported this delinquency to Equifax, Experian, Innovis and Trans Union.

## PLAINTIFF'S SECOND DISPUTES

23. Due to the derogatory credit reporting, on or about May 31, 2024, Plaintiff send to Chase, as well as Equifax, Experian, Innovis and Trans Union, a detailed dispute letter explaining the above facts.

24. Included in each of these dispute letters was a signed statement from Plaintiff where he points out several charges that are clearly not him (such as H&M and ITan), the police report he had filed, an FTC identity theft report that he filed, and a copy of his driver's license and W2.

25. In response to this dispute, Chase again validated the transactions because Chase had received payments on the account.

26. However, as discussed above, Plaintiff had to make payments on the account in order to avoid further damage to his creditworthiness.

## CREDIT BUREAUS BLOCK ACCOUNT

27. After receipt of Plaintiff's dispute, the credit bureaus determined that the account was the result of identity theft and either blocked or deleted the account from Plaintiff's credit.

28. Based on an identical dispute that Chase received, the credit bureaus were able to investigate and discover that the account was fraudulent.

29. Upon information and belief, at least one of the credit bureaus had provided Chase with notice of the block. This notice advised Chase that the account was

presumed to be fraudulent and that the Chase must contact the consumer, investigate the account, and take measures to block any future reporting of the account.

30. Chase was then required to conduct a reasonable reinvestigation into the account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

31. Unfortunately, after receiving the block notice from the credit bureaus, Chase did not do a reasonable investigation and again determined that the charges were not fraudulent.

32. Chase then notified the credit bureaus to reinsert the fraudulent charges back onto Plaintiff's credit reports.

33. Chase submits inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

34. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

35. Chase's investigations were unreasonable.

36. More specifically, Chase should have discovered from their own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading since Plaintiff provided information showing that Plaintiff did not make the fraudulent purchases.

37. Plaintiff contends that it was unreasonable for Defendant to not contact Plaintiff for further information if needed and to not contact the San Diego Police Department.

38. A simple review of the charges themselves would have shown that it did not fit the spending of a 74-year-old man.

39. The unreasonableness of these investigations is further established by the fact the credit bureaus had determined the charges were fraudulent and blocked the reporting on the account.

40. Accordingly, Chase failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing

to remove all of the disputed and incorrect information.

41. Chase failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

42. Due to Chase's failure to reasonably investigate, Chase further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

43. By inaccurately reporting account information after notice and confirmation of its errors, Chase failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

44. Through this conduct, Chase violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Chase knew or should know was inaccurate or misleading.

45. Plaintiff's continued efforts to correct Defendant's erroneous and negative reporting by communicating Plaintiff's disputes with the credit bureaus were fruitless.

46. Defendant's continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendant's knowledge of the actual error was willful.

47. Defendant's continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendant's knowledge of the actual error was reckless.

48. Defendant's failure to correct the previously admitted inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendant's duty to refrain from reporting inaccurate information.

49. Accordingly, Defendant willfully and negligently failed to comply with Defendant's respective duties to reasonably investigate Plaintiff's dispute.

50. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

51. Defendant's conduct has caused Plaintiff's non-economic damages.

52. Plaintiff has spent countless hours disputing this inaccurate information with Defendant in an attempt to provide any and all information needed for the investigations.

53. While Plaintiff was thorough in Plaintiff's disputes at all times, Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

54. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; and anger continues to this day because Plaintiff did not make these charges, but Chase continues to hold Plaintiff liable.

55. Despite Plaintiff's repeated attempts, Defendant continue to report an invalid debt to Plaintiff's credit report.

56. As a direct and proximate result of Defendant's willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing dispute letters, attorneys' fees, mental and emotional pain and anguish. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendant's inaccurate and derogatory information, without success.

57. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

58. The continued pursuit of Plaintiff through direct collection efforts and credit reporting despite the fraudulent nature of these accounts shows that Chase took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

59. Since Plaintiff's efforts to be absolved of the fraudulent debt were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's

remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1681X (FCRA)

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. As discussed above, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

62. Chase is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

63. Experian, Equifax and Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

64. The previously described acts and omissions constitute numerous and multiple violations of the FCRA.

65. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

66. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

//

//

# COUNT II

# VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

# CAL. CIV. CODE § 1785.1, ET SEQ.

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. As discussed above, Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(c).

69. Credit Bureaus are each a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

70. Defendant is a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

71. As detailed above, the causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

72. The previously mentioned acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

73. In the regular course of its business operations, Chase routinely furnishes information to credit reporting agencies pertaining to transactions between Chase and their consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

74. Because Chase is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Chase is and always was obligated to not furnish information on a specific transaction or

experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

75. Since Chase received all documents required to determine the inaccuracy of their reporting, Chase should have known to update said reporting.

76. Chase also should have determined that its reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

## COUNT III

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

79. Chase in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

80. The previously described acts and omissions constitute numerous and multiple violations of the RFDCPA.

81. Specifically, through this conduct, Chase violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Chase violated Cal. Civ. Code § 1788.17.

//

82. Through this conduct, Chase violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Chase violated Cal. Civ. Code § 1788.17.

83. Through this conduct, Chase violated 15 U.S.C. § 1692e(8) by reporting credit information regarding Plaintiff that Chase knew or should have known to be inaccurate. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Chase violated Cal. Civ. Code § 1788.17.

84. Through this conduct, Chase violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Chase violated Cal. Civ. Code § 1788.17.

85. Through this conduct, Chase violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Chase violated Cal. Civ. Code § 1788.17.

86. Through this conduct, Chase violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Chase violated Cal. Civ. Code § 1788.17.

87. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Chase.

//

//

# COUNT IV

## VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT

### CAL. CIV. CODE § 1798.92-1798.97

88. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

89. As detailed above, Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.92(d).

90. Due to Chase's collection attempts, each defendant is a "claimant" as that term is defined by California Civil Code § 1798.92(a).

91. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.93, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.93.

92. As a result of each and every violation of Cal. Civ. Code § 1798.93, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and equitable relief pursuant to Cal. Civ. Code § 1798.93(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each respective defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), for each incident of willful noncompliance of the FCRA;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), for each incident of willful noncompliance to the FCRA;

- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) for each incident of noncompliance of the FCRA;
- Punitive damages according to proof as to the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A);
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d);
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Punitive damages according to proof as to CCCRAA;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5);

- A civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6);
- Attorneys' fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5),
- Any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c);
- Treble damages under Cal. Civ. Code § 3345;
- Punitive damages under Cal. Civ. Code § 3294(c)(1), (2), (3); and,
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

Pursuant to the United States' Constitution, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 26 August 2024                                   Respectfully submitted,

**BARTHEL LEGAL, APC**

By: _/s/ Nicholas Barthel___
NICHOLAS R. BARTHEL, ESQ
ATTORNEY FOR PLAINTIFF

https://www.barthelbarthel.com/